T.C. Memo. 1998-434

UNITED STATES TAX COURT

ESTATE OF CHARLES K. RUSSELL, DECEASED, LAVADA S. RUSSELL,
EXECUTRIX, AND LAVADA S. RUSSELL, Petitioners v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 6953-97.                      Filed December 10, 1998.

Farley P. Katz and Charles J. Muller III, for petitioners.

Lewis J. Hubbard, Jr., for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7443A and Rules 180, 181, and 182.[1]

This case is before the Court on petitioners' Motion for
Reasonable Litigation Costs under section 7430.  Because of

_____

[1]    All section references are to the Internal Revenue Code as
amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

concessions by respondent, the sole issue now before us is the allowable amount of recovery by petitioners for litigation costs under section 7430.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in San Antonio, Texas.

Background

In 1991, the Internal Revenue Service (IRS) levied upon an individual retirement account (IRA) owned by petitioner Charles Russell (Mr. Russell). At the time of the levy, Mr. Russell's IRA contained funds in the amount of $23,477.

Though the statutory period of limitations had run under section 6502, the IRS still levied upon Mr. Russell's IRA account and applied the $23,477 amount to a 1981 civil penalty assessed against Mr. Russell on May 17, 1982.

Following the levy, Mr. Russell continued to make payments to the IRS with respect to the 1981 civil penalty. On May 11, 1995, Mr. Russell filed Form 843, Claim for Refund, requesting a refund of all payments made to the IRS on the grounds that collection of the 1981 civil penalty was barred by the expiration of the statutory period of limitations.

The IRS refunded part of Mr. Russell's payments but contended that section 6511 limited any allowable refund to payments made within 2 years before the filing of such claim.

The IRS refund did not include the $23,477 amount from Mr. Russell's IRA account.

Respondent sent a notice of deficiency for the 1991 and 1992 tax years to petitioners. Respondent determined that the levy on Mr. Russell's IRA account resulted in a constructive distribution to petitioners of taxable income in the amount of $23,477 for the 1991 tax year. Respondent further determined that petitioners earned interest income for the 1991 and 1992 tax years in the amounts of $77 and $56, respectively, which they failed to report, and that petitioners had earned unreported wage income in the amount of $10,000 for the 1992 tax year. Respondent also determined an addition to tax under section 6651(a)(1) for the 1991 and 1992 tax years.

In their petition, petitioners contested only the inclusion of $23,477 in income for 1991 and the addition to tax under section 6651(a)(1) on that amount. They contended that the levy did not constitute a constructive distribution to petitioners of taxable income. Petitioners did not seek a redetermination of the deficiency and addition to tax for the 1992 tax year.

Mr. Russell died on June 21, 1997. Petitioner Lavada S. Russell qualified as executrix of Mr. Russell's estate on July 21, 1997. Because of petitioner Lavada S. Russell's financial condition, petitioners' counsel agreed that they would limit their fees to $2,000 for the period beginning on September 1, 1997, and ending on the resolution of petitioners' case in the

Tax Court. Prior to this agreement, petitioners had been billed at an hourly rate for attorney's fees incurred.

This case was called from the calendar for trial on February 9, 1998, in San Antonio, Texas. Counsel for the parties appeared and were heard. At that time the parties filed a statement of stipulated settled issues in which respondent conceded the sole issue before this Court. Petitioners then filed a Motion for Reasonable Litigation Costs on February 9, 1998, and a supplemental declaration on March 13, 1998, requesting an award of attorney's fees in the amount of $3,936, paralegal time in the amount of $61.50, and expenses in the amount of $571.44. Petitioners claimed total litigation costs in the amount of $4,568.94.

## Discussion

Section 7430 provides that in any court proceeding brought by or against the United States, the "prevailing party" may be awarded reasonable litigation and administrative costs. To be a prevailing party, a taxpayer must establish: (1) That the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue present, and (2) that the taxpayer met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B)(as in effect on October 22, 1986) on the date the petition was filed. Sec. 7430(c)(4)(A). A taxpayer will not be treated as a prevailing party if the

Commissioner establishes that the Commissioner's position was substantially justified.  Sec. 7430(c)(4)(B).

In addition, to obtain a judgment for reasonable litigation and administrative costs, a taxpayer also must establish that he did not unreasonably protract the proceedings, and, with respect to litigation costs only, that he exhausted the administrative remedies available to him within the Internal Revenue Service. Sec. 7430(b)(1) and (3).

Respondent concedes that petitioners have met the requirements of section 7430, but contends that petitioners' claimed litigation costs are not reasonable and are in excess of the statutory rate.

Section 7430(c)(1)(B)(iii) defines reasonable litigation costs to include, in part, reasonable court costs and "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $110 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate."  Section 7430(c)(2) includes reasonable attorney's fees in its definition of reasonable administrative costs.

An award of attorney's fees should not be in excess of the fees agreed to by the taxpayer and his attorney and actually paid or incurred by the taxpayer.  See Marre v. United States, 38 F.3d 823 (5th Cir. 1994).

Prior to September 1, 1997, petitioners were billed for 7.2 hours of attorney time.[2]  Beginning September 1, 1997, petitioners were billed a flat fee of $2,000, which represented attorney's fees through the period ending with the resolution of petitioners' case in the Tax Court.

Respondent contends that the statutory rate limit of $110 should only be applied to the 7.2 hours of attorney time billed for the period before September 1, 1997.  It is respondent's contention that petitioners should not recover attorney's fees in excess of $2,000 for the time period from September 1, 1997, to the present because petitioners entered into an agreement with counsel to limit attorney's fees charged for this time period to a flat fee of $2,000.  Thus, respondent contends that petitioners are entitled to total litigation costs in the amount of $2,792[3] and that any additional amount would be in excess of the amount of litigation costs allowed by section 7430.

We do not agree with respondent's contentions.  Section 7430 defines reasonable litigation costs to include "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in

---

[2]    Some of this time was charged at $275 per hour (6.9 hours) and some of the time was charged at $165 per hour (.3 hours).

[3]    This amount reflects the statutory rate of $110 multiplied by the 7.2 hours which were billed for the period prior to Sept. 1, 1997, and the $2,000 flat fee for the period beginning Sept. 1, 1997.

excess of $110 per hour". Sec. 7430(c)(1)(B)(iii)(emphasis added.) Respondent would bifurcate petitioners' attorney's fees into two time periods and limit petitioners to the statutory rate for the period in which petitioner was specifically billed at an hourly rate. In effect, respondent would avail himself of the benefit of petitioners' fee agreement, while assuming none of petitioners' burdens under the same agreement.

Respondent's reliance on Marre v. United States, supra, is misplaced. In Marre, the taxpayer attempted to recover attorney's fees greater than those incurred under a contingency agreement. The present case is factually distinct from Marre. Petitioners are seeking to recover litigation costs actually incurred and in an amount which is less than the statutory rate on average.[4]

In reviewing the record, we find that petitioners have shown that all of the costs incurred were related to this case. We find that petitioners' claimed attorney expenses are not in excess of $110 an hour and do not exceed costs actually incurred by petitioners. We hold that petitioners are entitled to recover litigation costs in the amount of $4,568.94.

To reflect the concessions by the parties,

---

[4] Petitioners' counsel expended 37.9 hours of attorney time in this case and charged $3,936. This is equivalent to a charge of $103.85 per hour.

<u>An appropriate order</u>

<u>and decision will be entered</u>.